UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY LAWRENCE STINEMAN,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:26-cv-0308-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. The parties agree that remand is proper. However, while plaintiff moves for summary judgment and asks the court to remand for an award of benefits, the Commissioner moves to remand for further proceedings. For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's motion, and remands for an immediate award of benefits.[1]

[1] The parties have consented to magistrate judge jurisdiction. ECF No. 6.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On July 18, 2016, plaintiff filed applications for a period of disability and DIB, alleging disability beginning June 15, 2016.[2] Administrative Record ("AR") 707. In January 2019, after his applications were denied both initially and upon reconsideration, the ALJ denied plaintiff's disability claim following a hearing. AR 10-27. Plaintiff sought judicial review in this District, whereafter the parties stipulated to remand for further proceedings in September 2021. AR 1541-43.

In July 2022, after plaintiff was provided a second hearing, the same ALJ again denied plaintiff's disability claim. AR 1412-32. Plaintiff again sought judicial review in this District, whereafter the parties stipulated to remand for further proceedings in April 2023. AR 3365-71.

In June 2024, after plaintiff was provided a third hearing, a different ALJ denied plaintiff's disability claim. AR 3298-3314. Plaintiff sought judicial review in this District for a third time, whereafter the parties again stipulated to remand for further proceedings in January 2025. AR 3901-07.

Upon remand, plaintiff received a fourth hearing before the same ALJ who presided over the third hearing, and in December 2025, the ALJ again denied plaintiff's disability claim. AR 3822-3837. Specifically, the ALJ found:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2021.
>
> 2. Through September 30, 2021, the claimant engaged in substantial gainful activity during the following periods: between September 2015, and June 2016.
>
> * * *
>
> 3. However, there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the period the claimant did not engage in substantial gainful activity.

---

[2] While petitioner's application alleges disability onset beginning June 15, 2016, the agency has consistently considered petitioner's alleged onset date as September 1, 2015. *See* AR 27, 3837. In his motion for summary judgment, petitioner asserts that his disability began on August 1, 2015. ECF No. 10 at 5.

4. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, hypertension, paroxysmal atrial tachycardia, coronary artery disease, status post stenting, peripheral neuropathy, obstructive sleep apnea (hereinafter "OSA"), irritable bowel syndrome (hereinafter "IBS"), headaches, and morbid obesity.

* * *

5. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

6. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he is unable to climb ladders, ropes, or scaffolds. He is able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He is able to occasionally reach overhead reaching, fingering and feeling with the bilateral upper extremities. He must avoid concentrated exposure to extreme temperatures, wetness, vibration, and pulmonary irritants. He must avoid moderate exposure to hazards. He must have ready access to a restroom.

* * *

7. The claimant has no past relevant work.

8. The claimant was born [in] 1982, and was 39 years old, which is defined as a younger individual age 18-44, on the date last insured.

9. The claimant has at least a high school education.

10. Transferability of job skills is not an issue because the claimant does not have past relevant work.

11. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

* * *

12. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 1, 2015, the alleged onset date, through September 30, 2021, the date last insured.

AR 3824-37 (citations to the code of regulations omitted).

Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff claims that the ALJ erred by: (1) applying the wrong regulations to opinion evidence; (2) "fail[ing] to provide specific and legitimate reasons for discounting the opinions of Plaintiff's treating cardiologist, gastroenterologist, and primary care provider"; (3) "fail[ing] to provide substantially supported reasons for discounting the psychiatric consultative examiner's opinion"; (4) "fail[ing] to provide legally sufficient reasons for discounting the VA assessment"; (5) "fail[ing] to articulate germane reasons for discounting the third-party statements of Christian Ross"; (6) "fail[ing] to articulate clear, convincing, and well-supported reasons for discounting Plaintiff's physical symptom testimony"; (7) "fail[ing] to articulate clear, convincing, and well-supported reasons for discounting Plaintiff's mental symptom testimony"; and (8) failing to support a step-five finding with substantial evidence. ECF No. 10 at 11-25.

In response, the Commissioner agrees "that the [ALJ] erred in evaluating Plaintiff's claim, and that the error compels remand of the ALJ's decision." ECF No. 17 at 2. As such, the only dispute between the parties is whether the court should remand for further proceedings or an immediate award of benefits. The Court of Appeals has announced the "credit-as-true" rule, whereby "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The court addresses each factor in turn.

First, the Commissioner has conceded that the ALJ failed to provide legally sufficient reasons for rejecting medical opinion evidence. *See* ECF No. 17 at 4. Where the ALJ fails "to provide legally sufficient reasons for rejecting" evidence, "[the court] credit[s] the evidence as true." *Id.* at 594.

Second, there are no outstanding issues that must be resolved. The Commissioner does not identify any remaining issues to be resolved by further proceedings. *See* ECF No. 17 at 4-6. Rather, the Commissioner contests some of plaintiff's claims regarding the ALJ's alleged legal

errors. Specifically, the Commissioner argues that "[t]he ALJ properly found that the objective medical evidence did not support Plaintiff's claims of disabling symptoms and functional limitations," the ALJ properly found that "Plaintiff's treatment and medication improved some of his impairments," and the ALJ properly found that plaintiff's reported activities of daily living were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations through the date last insured." *Id*. (internal quotation marks and citation omitted).

As an initial matter, plaintiff did not argue in his motion that the ALJ committed legal error by accounting for his response to medication or his daily activities. *See generally* ECF No. 10. The only alleged error set forth in plaintiff's motion that the Commissioner contests concerns the ALJ discounting plaintiff's symptom testimony. As such, the court deems plaintiff's other claimed errors conceded and accepts that the ALJ made such errors. *See Jeffrey C. v. Kijakazi*, No. 3:22-cv-0079-SI, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) (collecting cases).

More to the point, the Commissioner fails to explain why any proffered reason establishes an outstanding issue to be resolved by further proceedings. With regard to plaintiff's symptom testimony, the ALJ found that plaintiff's reported symptoms were "not entirely consistent with the medical evidence and other evidence in the record." AR 3829. The Commissioner argues that this finding was supported by the medical evidence cited by the ALJ at AR 3829. *See* ECF No. 17 at 5. The court disagrees.

The ALJ cited medical record evidence showing that: when plaintiff reported for a follow-up appointment to discuss anti-depression medication, the treating provider noted that he was "in no distress"; when plaintiff reported for a follow-up appointment to discuss a CT scan, the treating provider noted "[n]o distress" and that plaintiff had normal motor strength in all extremities; when plaintiff presented to an appointment regarding his sleep apnea, the treating provider noted "no acute distress"; a treating provider noted that plaintiff had normal motor strength in all extremities but that he had a "limitation of range of motion"; when plaintiff presented with cardiac concerns, the treating provider noted that he had "[n]ormal range of motion"; when plaintiff presented with foot pain, the treating provider noted that he had full range of motion; when plaintiff presented for a general care appointment, the treating provider noted that he had "[n]ormal range of motion";

plaintiff's primary care physician noted that plaintiff was "in no acute distress" and had symmetrical extremities; and when plaintiff reported to a psychiatrist, the treating provider noted that he had normal motor strength in all extremities. AR 977, 1147, 1206, 2036, 2073, 2382, 2420, 2439, 2469, 3812

The ALJ did not explain how this evidence is inconsistent plaintiff's symptom testimony. The ALJ acknowledged that plaintiff had a history of pain in his neck, back, and spine, and that plaintiff was give a recommendation for a cervical disc surgery, though that ultimately was cancelled due to his uncontrolled hypertension. AR 3829 (citing AR 2439). The ALJ did not explain how plaintiff's alleged pain is inconsistent with him presenting with a normal range of motion and strength in his extremities. Further, as plaintiff points out, there are also medical records showing that plaintiff presented with an abnormal gait, decreased sensation to extremities, decreased grip strength, and abnormal range of motion. *See* ECF No. 18 at 3 (citing AR 961, 1133, 2045).

The ALJ also found that "[t]he record revealed relatively mild findings on the imaging studies." AR 3829. However, the ALJ failed to substantiate this finding, particularly in light of plaintiff's treating provider recommending surgery, namely, an anterior cervical discectomy and total disc arthroplasty. *See* AR 1855. As plaintiff points out, "[i]t is difficult to believe that a surgeon would recommend surgery for only 'mild' disc disease." *See* ECF No. 18 at 3. Accordingly, the ALJ failed to provide clear, convincing, and well-supported reasons for discounting plaintiff's symptom testimony, and thus the Commissioner's first argument in favor of further proceedings is unpersuasive.

The Commissioner's second argument here is that "the record revealed that Plaintiff's IBS and hypertension were improved with medication, and his sleep apnea was well controlled with consistent use of CPAP." ECF No. 17 at 6. As an initial matter, the Commissioner does not argue that plaintiff's back and heart problems improved with treatment, and thus even if plaintiff's other complaints were partially alleviated by treatment, such a finding would still not support an overall need for further proceedings. Further, regarding plaintiff's IBS, his treating gastroenterologist noted that "[w]hile medication has provided some improvement, [plaintiff's] symptoms still

remain troublesome." AR 1856. The Court of Appeals has held that evidence that a plaintiff "makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Treatment notes finding "improvement" do not, without more, amount to a clear and convincing reason for discounting plaintiff's testimony. *C.P. v. Soc. Sec. Comm'r*, No. 24-cv-6986-LJC, 2026 WL 874108, *9 (N.D. Cal. Mar. 30, 2026). For these reasons, any improvement with medication does not establish a need for further proceedings.

The Commissioner's final argument here is that plaintiff's daily activities were not "limited to the extent one would expect, given the complaints of disabling symptoms and limitations through the date last insured." ECF No. 17 at 6 (quoting AR 3832). The Court of Appeals has held that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Nonetheless, "[i]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The Commissioner relies on the ALJ's finding that plaintiff "cared for his young daughter and pets, performed household chores (prepared meals, mowed the lawn), could drive, manage his finances, went outside at least four days a week, watched TV and played video games, went on his honeymoon and started school again, and walked every morning for several miles." ECF No. 17 at 6 (citing AR 3832). However, the ALJ neither showed that plaintiff spends "a substantial part of his day engaged" in such pursuits, nor demonstrated that such pursuits involve "the performance of physical functions that are transferable to a work setting." *See Morgan*, 169 F.3d at 600; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination . . . .") (cleaned up). The Court of Appeals has held that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take

medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Indeed, the court "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)

Further, regarding plaintiff's schooling, plaintiff previously testified that he spent approximately six hours per week on online courses. AR 605. In plaintiff's most recent hearing, he testified that when online courses were no longer available to him, he could not attend because he "can't sit for that extended period of time." AR 3862. As for plaintiff's household activities, plaintiff's fiancé wrote that she assists him with some such tasks. AR 1784. For these reasons, plaintiff's daily activities are not a basis to discredit his testimony or find that he is non-disabled.

The Commissioner has no remaining argument in favor of further proceedings and, as noted, has conceded plaintiff's other alleged errors committed by the ALJ. The Commissioner has failed to identify any need for developing the record. The Court of Appeals has stated that this inquiry is focused on "significant factual conflicts" between "testimony and objective medical evidence" and "crucial questions as to the extent of [the plaintiff's] impairment given inconsistencies between his testimony and the medical evidence in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-05 (9th Cir. 2014). Neither the Commissioner nor the ALJ identify such factual conflicts, and the court's review of the record reveals no such inconsistencies.

The Court of Appeals has elsewhere described this factor as determining whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Plaintiff's application dates back a decade, the record is over 4,000 pages long, there have been many medical records submitted, and an ALJ has conducted four separate hearings at which plaintiff has testified. The court finds that the record is fully developed and no "useful purpose" would be served by a fifth hearing. *See id.*

While remanding for further proceedings would allow the ALJ to "revisit the medical opinions and testimony that she rejected for legally insufficient reasons, [Court of Appeals] precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose[.]'" *Id.* at 1021. Instead, allowing the ALJ "to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *See Benecke*, 379 F.3d at 595; *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that [the claimant] is not credible any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings to establish his credibility."). Courts in this Circuit "have regularly held that there is no useful purpose in remanding for further proceedings when the Commissioner has had repeated opportunities and continues to make the same legal errors." *Jeffrey C. v. Kijakazi*, No. 3:22-cv-0079-SI, 2023 WL 4760603, at *6 (D. Or. July 26, 2023) (collecting cases). Moreover, the Court of Appeals has held that "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate."[3] *Benecke*, 379 F.3d at 595. Accordingly, the court finds that "there are no outstanding issues that must be resolved before a determination of disability can be made." *See id.* 593.

The court proceeds to the third and final step of the analysis to determine whether the ALJ would be required to find plaintiff disabled if the rejected evidence and testimony were credited.

---

[3] It also bears mention that, as plaintiff points out and the Commissioner concedes, the ALJ failed to support a finding that jobs existed in significant numbers in the national economy that plaintiff could perform. *See* ECF No. 10 at 25. The vocational expert identified three jobs that collectively have 22,200 positions available nationally. AR 3836. The Court of Appeals has held that a "finding that 25,000 national jobs is sufficient presents a close call." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). The court "has yet to endorse a number below 25,000 with respect to the significant number standard." *Lisa L. v. Comm'r of Soc. Sec.*, No. 3:17-cv-1874-AA, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018). Accordingly, it is likely that there is not a significant number of jobs that plaintiff can perform, especially when accounting for any changes to plaintiff's RFC stemming from the ALJ's legal errors.

*See Treichler*, 775 F.3d at 1106 (explaining that once a court has found that "there are no outstanding issues that must be resolved before a determination of disability can be made," the court has "discretion to credit a claimant's testimony [and evidence] as true and remand for benefits").

Plaintiff has paroxysmal atrial tachycardia, hypertension, and coronary artery disease following a stent replacement. AR 2131, 2146, 2462. Plaintiff's treating cardiologist opined that these problems preclude plaintiff from returning to work due to fatigue and shortness of breath. AR 1407. Plaintiff also has documented problems with his neck, back, and spine, with a provider recommending an anterior cervical discectomy and total disc arthroplasty. *See* AR 1855. Plaintiff's primary care physician opined that, due to his back problems, plaintiff was "[u]nable to bend or twist or lift [more than] 10 pounds," could not stand for more than "20-30 minutes," and could not sit for more than "45 minutes." AR 3269. Plaintiff has IBS that causes nausea, vomiting, and diarrhea. AR 1992, 2030. Plaintiff's treating gastroenterologist reported that plaintiff's IBS required him to "be near a restroom at all times" and that "[plaintiff's] symptoms have also contributed to termination from more than one employer for taking excessive restroom breaks that may last an indeterminate amount of time." AR 1856. Plaintiff also has neuropathy that results in numbness and tingling in his hands, increased reflexes in the lower extremities, and reduced grip strength. AR 1853, 2113.

At the most recent hearing, plaintiff testified that he cannot work because he can only sit or stand for thirty minutes at a time and "need[s] to have frequent access to a restroom because of [his] IBS." AR 3859-60. He also stated that due to his neuropathy and back problems, he cannot grip for extended periods or engage in postural activities for any amount of time without needing to immediately rest. AR 3861.

Crediting all rejected evidence and testimony as true, "it is clear from the record that the ALJ would be required to find [plaintiff] disabled" from the alleged onset date through the date last insured. *See Benecke*, 379 F.3d at 593.

Lastly, even though all three factors are satisfied, the court nonetheless "retain[s] 'flexibility' in determining the appropriate remedy." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th

Cir. 2014) (quoting *Garrison*, 759 F.3d at 1020). Specifically, the court may still "remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).

Here, the Commissioner argues that there is "serious doubt of disability" because "the objective medical findings from exams and imaging were largely unremarkable, and evidence of improvement in symptoms and Plaintiff's activities were inconsistent with disability." ECF No. 17 at 6. The court has sufficiently addressed these arguments above. The Commissioner also does not explain "how that evidence casts into serious doubt [plaintiff's] claim to be disabled," and the court has "independently reviewed the entire record and also ha[s] found nothing that would create doubt as to [plaintiff's] entitlement to the benefits []he seeks." *See Garrison*, 759 F.3d at 1022. Further, as the Court of Appeals held, "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" *Id.* (quoting *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1398 (9th Cir. 1988)). Consequently, the court declines to remand for further proceedings.

The court recognizes that an award of benefits is appropriate only in "rare circumstances." *Treichler*, 775 F.3d at 1100. The court does not take this decision lightly. Such relief, however, is appropriate here. Plaintiff's initial disability applications have been pending for over a decade. On four occasions, plaintiff has appeared at a hearing before an ALJ, and each time the ALJ has denied his claim, only for the Commissioner to later agree that such denial was legally erroneous.

Accordingly, because a fifth hearing would "create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication" from which plaintiff might never emerge with the benefits to which he is entitled, this case is remanded for an award of benefits. *See Benecke*, 379 F.3d at 595.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 10, is GRANTED.

2. The Commissioner's motion to remand for further proceedings, ECF No. 17, is DENIED.

3. This matter is remanded for an immediate calculation and award of benefits.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: November 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE